UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL LEWIS BROWNING, JR.,**

    Plaintiff,

v.                                  Case No.  8:07-CV-2021-T-30EAJ

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Waive Case Management and Scheduling (Dkt. 2); Motion for Summary Judgment (Dkt. 3); Motion to Amend the Notice of Decision (Dkt. 4); Motion to Vacate Court Order (Dkt. 7); and Motion for Default Judgment (Dkt. 8). Plaintiff initiated this matter by filing a "Notice of Complaint" seeking review of the August 17, 2007 decision rejecting his claim for disability benefits and Supplemental Security Income under the Social Security Act (Dkt. 6-10).

All but one of the motions filed by Plaintiff seek to expedite these proceedings.  See Dkts. 2, 3, 4, and 8. Under the Social Security Act, the scope of judicial review of the Commissioner's determinations is a very limited one. See Heckler v. Lopez, 463 U.S. 1328, 1332 (1983).  This Court can look no further than the pleadings and transcript of the record before the agency.  Under 42 U.S.C. § 405(g), the defendant is required to file a certified

copy of the transcript of the record before the agency.[1] Given that Plaintiff has, to date, not effected service of the complaint on the Defendant, each of the motions seeking expedited process will be denied as premature.

In his Motion to Vacate Court Order, Plaintiff seeks withdrawal of the November 8, 2007 Notice of Designation Under Local Rule 3.05, see Dkt. 5, informing him that this case will proceed as a Track One Case. In accordance with the rules governing these proceedings, the Clerk attached two documents to said Notice: (a) a Notice, Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge and (b) a copy of the Order Pertaining to Consent to Magistrate Judge Jurisdiction and Providing for a Uniform Scheduling Order Throughout the Tampa Division, entered by the Honorable Judge Elizabeth A. Kovachevich on January 1, 2001.[2]

From what the Court can discern, Plaintiff's argument in support of his motion to vacate is unavailing to his cause. To the extent that his Motion to Vacate Court Order may be read to contend that the Order Pertaining to Consent is not applicable in this case because the decision he challenges is "not [a] final decision from [the] Commissioner [of] Social

---

[1] "As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[2] Provided to all social security claimants seeking judicial review of an unfavorable decision in this district, the Order advises plaintiffs that the United States Attorney, on behalf of the Commissioner of the Social Security Administration, has agreed to consider consenting to Magistrate Judge jurisdiction in cases "wherein plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying a period of disability and disability benefits or a claim for Supplemental Security Income ["SSI"] based on disability" (Dkt. 7-2 at 1-2).

Security" (Dkt. 7 at 2), Plaintiff is advised that a district court's jurisdiction exists only over "final decisions of the Secretary."[3] The Court cannot proceed in a matter where it lacks jurisdiction. If the decision at issue is not a "final decision," Plaintiff would be well advised to move to dismiss his complaint.

If Plaintiff is objecting to the designation of this matter as a Track One case, his objection is without merit. The Local Rules governing these proceedings provide that "[a]s soon as practicable after the filing of any civil action, the Clerk shall designate the case for future management on one of three tracks. The Clerk will notify the Plaintiff of such designation and the Plaintiff must then serve that notice upon all other parties." Local Rule 3.05(a) (M.D. Fla. 2006). As in the instant case, where a plaintiff seeks review on an administrative record, the case is routinely designated as a Track One case. Local Rule 3.05(b)(1)(A) (M.D. Fla. 2006).

The Local Rules further provide that "Track One cases will normally be referred at the time of filing to the Magistrate Judges for management by them in accordance with other provisions of these local rules or standing orders entered in each Division of the Court governing the duties and responsibilities of the Magistrate Judges. Such cases will then be managed by them pursuant to notices or orders entered by the Magistrate Judge, or by the

---

[3] Title 42 U.S.C. § 405 provides, in pertinent part, that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). The statute further provides that "[a]ny individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added).

Clerk under the Court's direction, in each such case." Local Rule 3.05(c)(1)(B) (M.D. Fla. 2006). Finally, Local Rule 6.05 provides that "[u]pon the filing of any civil case the Clerk shall deliver to the Plaintiff(s) written notice of the right of the parties to consent to disposition of the case by a United States Magistrate Judge pursuant to 28 U.S.C. Section 636(c)[4] and the provisions of this rule." Local Rule 6.05(b) (M.D. Fla. 2006).

In this district, the Local Rules provide that Magistrate Judges are "authorized . . . to perform any and all additional duties, as may be assigned to them from time to time by any judge of this Court." Local Rule 6.01(a) (M.D. Fla. 2006). The duties authorized to be performed by Magistrate Judges include, but are not limited to "[p]rocessing and review of all suits instituted under any law of the United States providing for judicial review of final decisions of administrative officers or agencies on the basis of the record of administrative proceedings, and the preparation of a report and recommendation to the Court concerning the disposition of the case." Local Rule 6.01(c)(21).

The Court concludes that the delivery of the Notice of Designation and information regarding the utilization of Magistrate Judges in this district in bringing certain noncriminal cases to resolution was proper under the rules governing proceedings in this Court.

It is, therefore, ORDERED and ADJUDGED that:

---

[4] " Notwithstanding any provision of law to the contrary – . . . [u]pon the consent of the parties, a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves."

1. Plaintiff's Motion to Waive Case Management and Scheduling is **DENIED** (Dkt. 2).

2. The Motion for Summary Judgment is **DENIED** (Dkt. 3).

3. The Motion to Amend the Notice of Decision is **DENIED** (Dkt. 4).

4. The Motion to Vacate Court Order is **DENIED** (Dkt. 7).

5. The Motion for Default Judgment is **DENIED** (Dkt. 8).

6. Plaintiff shall, within **ELEVEN (11) DAYS** hereof, advise the Court whether he consents to disposition of this case by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).[5]

**DONE** and **ORDERED** in Tampa, Florida on December 13, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-2021 Deny Motions.wpd

---

[5] "If the parties in any civil case unanimously consent to disposition of the case by a United States Magistrate Judge pursuant to 28 U.S.C. Section 636(c) and this rule, such consent must be communicated to the Clerk on an appropriate form (provided by the Clerk in accordance with subsection (c) of this rule). The Clerk shall not accept or file any consent except in the form and manner, and within the time, prescribed by this rule." As evidenced by the documents attached to the Motion to Vacate Order, Plaintiff has received the appropriate consent form (Dkt. 7, Attach.).